The opinion of the court was delivered by
Nicholls, C. J.
The judgments of the Court of Appeals, Parish of Orleans in the above entitled suits, are before us for review on the application of C. Harrison Parker, in his capacity as State Tax Collector of the First District of the City of New Orleans.
In his petition he alleges that the said causes embrace identically the same question of law, which was decided adversely to petitioner, and as petitioner believes and avers were so wrongfully and erroneously decided to the great injury of petitioner and the State of Louisiana, and so decided by a divided Court of Appeals; that the suit of John M. Bonner vs. Board of Assessors was a suit entered for a reduction of assessments in Division B of the Civil District Court, for the Parish of Orleans, from $25,000 to $10,000, the answer being a general denial, and a prayer for attorney’s fees of ten per cent on the amount involved therein. The lower court reduced the assessment from $25,000 to $14,-000, but refused to grant the ten per cent attorney’s fees on the $3,500 which was the amount which plaintiff failed to have reduced. An appeal was taken to the Court of Appeals on this point, and that court sustained the decision of the lower court unanimously. On application for rehearing it was granted, and after re-argument, the court took the case under advisement, but held up its decision until the ease of the C. C. R. Co., vs. Board of Assessors, which had been brought up on appeal, in the meantime should have been argued. This latter ease was, also, an application for reduction of assessment from $1,156,300 to $375,000. The answer was, also, a general denial, and a prayer for ten per cent attorney’s fees on the amount of taxes and penalties involved. The court (Division “C”) reduced the assessment to $850,000 ($475,000 less than the reduction prayed for) condemning said plaintiff company to pay to F. C. Zacharie, appointed to assist the tax collector, the sum of thrée hundred and fifty-six 25-100 dollars. From this judgment plaintiff appealed to the Court of Appeals, to which appeal defendant answered, asking an amendment of the judgment of the lower court so as to make *2064 the attorney’s, fee $415, that being- the ten per cent which plaintiff failed to have the assessment reduced. After argument, two members of the Court of Appeals, on April 9th, 1900, adhered to their original decision in the Bonner case, and reversed the decision of the lower court in the Crescent City R. R. case, thus depriving the attorney of any fees whatsoever in this class of cases. From these decisions, Judge Horace L. Dufour dissented, although he filed no written opinion. The effect of these decisions, if allowed to stand unreversed, will seriously embarrass the collection of the revenues of the State, by offering- no inducement to the attorney for the State Tax-Collector, in depriving him of any renumeration for his services in protecting the interests of the State, on erroneous -and ill-founded claims for unreasonable reductions, and will work irremediable injustice to the attorney. Taking into consideration the fact that the legal question at issue in these cases has been differently decided by two judges of the Civil District Court, and that the decisions of the Court of Appeals are by a divided court, and overturns your Honor’s decision in 46th Ann. Petitioner represents that these cases are eminently within the power of the court, under its equitable power to issue Oertiomri and prohibition writs. Wherefore, petitioner prays that this court issué the preliminary writs of certiorari and prohibition to the judges of the Court of Apireáis, and after due consideration of the briefs filed, that said writs may be made peremptory and mandatory, reversing the judgments of the said court, and decreeing- the'attorney for the Tax Collector entitled to the ten per cent attorney’s fees, as claimed by him.
John M. Bonner has moved to dismiss the review so far he is concerned, on the grounds:
1st. That C. Harrison Parker, Tax Collector, is not a party to the suit of John 11. Bonner vs. Board of Assessors, and has no legal or pecuniary interest in said suit, and has no legal authority to collect taxes or to represent the State in tax matters outside of his own district.
2nd. The property on which a reduction of assessment was asked and granted is situated in the 6th District of the City of New Orleans, and B..T. Walshe is the State Tax Collector — and he was made a party to- the suit as required by Section 26, p. 132 of Acts of 1890, that the parties to the suit were the Board of Assessors, the City of New Orleans and B. T. Walshe.
3rd. That the case of John M. Bonner is a separate suit from that *2065 of the Orescent City R. R. Oo., was brought separately, tried separately, and decided separately, and was never consolidated with the suit of the •Orescent City R. R. Co., in any way.
4th. That even if said suits had been consolidated, C. Harrison Parker, State Tax Collector, (the judgments of the Civil District Court reducing the assessments having been acquiesced in by the Tax Collectors of both districts, they having received the amount of taxes due to State) has, as Tax Collector, no interest nor authority to apply for a writ of certiorari in this case.
5th. That the only proper parties to petition for writs of certiorari and prohibition herein, are the State of Louisiana by its Attorney General, and the attorney for the Tax Collectors who, alone has a pecuniary interest in the question before this Honorable Court.
6th. That, if it should be held that C. Harrison Parker, Tax Collector, being a party to the suit of the Orescent City R. R. Company, would have the right to apply for a writ of certiorari therein, although all State taxes have been paid, he clearly would have no authority to petition for such a writ in the case of John H. Bonner, to which he is not a party, and the property that gave rise to the suit being out of his tax district.
Opinion.
Article 101. of the constitution of -1898 authorizes the Supreme Court to require by. certiorari or otherwise, any case to be certified from the Court of Appeals to it for its review provided application be made to the court or to one of the Justices, not later than thirty days after the judgment has been rendered and entered.
The article is silent as to the party or parties entitled to this relief, but Section 2 of Act No. 191 of 1898, declares them to be “the party •east in the suit or any other person in interest, who may feel aggrieved thereby.”
It is contended on behalf of John M. Bonner, the plaintiff, in' one of the suits, that the judgment rendered therein by the Court of Appeals, has been brought before us on the application of a person, who was not ■a party to the suit, nor had any interest therein, and this proceeding as to that suit should be dismissed.
It is conceded that the property, the assessment of which was sought to be reduced by John M. Bonner, is not in the First District whereof C. Harrison Parker is the Tax Collector. ■
*2066 It is urged that the use of the name of Parker in this case was by an. inadvertence, in not noticing in what district, the property was situated that it was intended to use the name of "Walshe; and that it was a clerical error in not having’ done so, and that we should pass on the issues as if Walshe were before the court asking for a review.
Assuming that the insertion of Parker’s name in the application for review was through an error, and that Walshe on discovering the mistake could have prayed for a substitution of his name in lieu thereof, there has been no attempt to have the substitution made and the application stands before us at the present time, as that of Parker, who was not the party cast in the suit or a party in interest.
The motion to dismiss is well taken. It is proper for us to state, however, that the substitution of the name of B. T. Walshe in this application for that of Parker, had it been asked, would have been totally inadmissible. The matter is too plain to call for discussion. The1 motion to dismiss from our consideration for review the judgment of the Court of Appeals in the case of John M. Bonner vs. the Board of' Assessors, is sustained and matters in that suit placed as they were before our order herein was granted.
The question brought before us for review in the matter of the Crescent City Railroad Company vs. the Board of Assessors, is, whether, upon the failure of a party seeking to obtain a reduction of the assessment made of his property by the Assessor or Board of Assessors, to the full extent claimed by him, he can be condemned to pay as part of the costs of the suit, the fees of the “attorney-at-law, appointed to assist the Tax Collector, in the collection of taxes to represent the same in all suits for the reductions of assessments;" and, if so, how much that fee should be.
The suit of tlie Crescent City Bailroad Company was for reduction of the assessment of its franchises for the year 1897, from one million one hundred and fifty-six thousand, three hundred dollars ($1,156,-300.00) to the sum of three hundred and seventy-five thousand dollars, and was filed on the 30th of October, 1897. Judgment was rendered in that suit on the 18th of May, 1899, reducing the assessment to the sum of eight hundred and fifty thousand dollars. The court condemned the the plaintiff to pay to F. C. Zaeharie, attorney, appointed to assist the Tax Collector, the sum of three hundred and fifty-six 25-100 dollars aá being the amount of ten per cent, granted to him by law. The plaintiff appealed to the Court of Appeals, and that court, oh appeal, affirmed *2067 the judgment, in so far as the reduction of assessment was concerned, but reversed it, in so far as the plaintiff was condemned to pay the fees of the attorney as costs.
It is this latter portion of the judgment of the Court of Appeals which has been brought up for review. By the 57th Section of Act No. 106 of 1890, it was enacted that in the Parish of Orleans, there should be an attorney-at-law, appointed by the Attorney General, whose duty it should be to aid the Tax Collectors in the parish in the collection of all taxes, and to represent the said Tax Collectors in all suits for the reduction of assessments; and upon all taxes and penalties collected through the assistance of said attorney, and in all suits for the reduction of taxes, where the party applying for the reduction shall be decreed not entitled to the reduction as claimed by him, either in whole or in part, the delinquent owing the taíx, and the party applying for the reduction of assessment, shall pay a commission to said attorney of ten per cent., calculating the same upon the aggregate amount of taxes and penalties so collected and paid over to the Tax Collector, and the said attorney’s commission shall be paid by the tax-payer, and collected by the Tax Collector, as costs, at the same time that the taxes, interests and penalties are collected.
This 57th Section of Act of 1890 was reproduced in Section 57 of the Revenue Act of 1898 (Act No. 170 of 1898 approved July 14th, 1898) with the single change that the words “either in whole or in part” in the Section 57 of 1890 (which we have italicised) are omitted in the 57th Section in the Act of 1898. This particular section of both acts refers, in terms, to the Parish of Orleans. The 56th Section of thie Act No. 106 of 1890 (reproduced exactly in the 56th Section of Act No. 170 of 1898) refers to the commission or fees of the attorney, who represents the Tax Collector in parishes other than Orleans as follows:
“The attorney-at-law who represents the Tax Collector or Tax. Collectors, in all proceedings for the reduction of assessments, and collection of taxes (license taxes excepted) and in all injunction proceedings wherein the Tax Collector or Collectors, axe sought to be restrained from the tax collection of taxes, shall receive a compensation of ten per centón the amount collected, calculating same upon the aggregate amount of taxes and penalties so collected, as the result of aforesaid proceedings. The aforesaid commission to the attorney-at-law, shall be paid by the party against whom the judgment is rendered in whole or *2068 in pari, (italics- ours), and shall be collected by the Tax Collector, as costs at the same time, that the taxes and other penalties are collected.”
A comparison of the Section 56 of the Acts of 1890 and 1897, with Section 57 of the same two Acts, will show considerable difference in the phraseology.
No brief has been filed in this court on behalf of the Crescent City (Railroad Company. In that filed by John M. Bonner, a number of constitutional objections were urged against the 57th section of both of the acts quoted, but we find no such grounds of unconstitutionality set up anywhere in the plea'dings, and the issue on the disputed point was not decided on that ground. The Court of Appeals held that the law to be applied to the case was not the Act of 1898, but of 1890, and that the language of that law that the fee or commission of the attorney of the Tax Collector, was to be charged “as costs”, in all suits for the reduction of assessments, “where the party applying for reduction shall be decreed not entitled to the reduction as claimed by him, either in whole or in part,” limited the right to claim attorney’s fees as costs, to causes where the party claiming the reduction, failed entirely in obtaining a reduction; that if he succeeded at all, he was justified in his suit, and was not chargeable as claimed.
We are of the opinion that the Court of Appeals was correct in holding that the issue presented, should be determined by the provisions of the Act of 1390. The suit was an existing suit when the Act of 1898 was enacted. Plaintiff ventured therein with knowledge of the existence' of the Act of 1890, and the possible liability which he would incur in making a claim for reduction. Non constat he would have filed the demand had his possible liability been made greater than it was. The. moment he filed his suit its extent was fixed1. Whether the infliction on a party plaintiff as costs, the fees of the attorneys of the opposite party, as costs, be strictly and technically, a “penalty” or not,, it is in the nature of a penalty. It is a statutory liability thrown upon the party, as the result or consequence of taking a certain step, and it should not be increased by statute when the step has already been taken. We have no idea that it was the intention of the General Assembly to make the Act of 1898, have retroactive effect. There is no necessity for our dis-' cussing the question, whether it would have had the power to have so made it.
*2069 We are of the opinion that -the court of Appeals construed the provisions of the Act of 1890 correctly. As we have said, the charging of attorneys fees of the opposite party, to the plaintiff seeking a reduction of his assessment, as the result of having availed himself of a constitutional right, is in the nature of a penalty, and provisions of law of that character, are strictly construed and not extended. There is unquestionably a difference in the language of Section 57 of the two Acts and that of Section 56. We must assume that the difference was made designedly, though without being able to know why the difference was made. It is difficult to understand why the liability of parties, seeking reduction of assessments in the parish of Orleans, should be either greater or less than that of parties occupying the same situation in other parishes, but the legislature has thought proper to make the difference, and we do not feel authorized to bring the sections of the law into harmony, by construction and alteration of language.
There is a feature of this ease drawn to our attention, by the brief of counsel, in the Bonner case. Assuming the position that his client was chargeable with attorneys fees, as costs, he maintained that the basis upon which the fee or commission was attempted to he charged, was not that provided for by the law; that the commission could not he based upon the amount of the reduction of the assessment, which was not granted, but, at best, upon the amount of the “taxes which should be collected” and paid over, and the penalties paid over to the tax collector, npon that amount of assessment.
The wording of the law is exceedingly ambiguous, resulting from the fact of attempting to provide in one, and the same sentence, for eases involving contests as to taxation, where “money” demands are directly at issue in the suit, and cases of reduction of assessment, from which subsequent money demands are only to spring and be effected as a consequence.
We are of the opinion that the judgment of the Court of Appeals is correct, and it is hereby affirmed.